UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.D. & R.D. obo G.D.,

       Plaintiffs,                            Case No. 20-12864

v.                                         Honorable Nancy G. Edmunds

UTICA COMMUNITY SCHOOLS,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [14] AND DENYING DEFENDANT'S MOTIONS TO DISMISS [12][22]**

       The matter is before the Court on Defendant's motion to set aside the Clerk's entry of default in this matter (ECF No. 14) and Defendant's motions to dismiss (ECF Nos. 12, 22).  Plaintiffs do not oppose the Court setting aside the Clerk's entry of default (ECF No. 19) but oppose dismissal of this case (ECF No. 18).  The Court finds that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motions will be decided on the briefs and without oral argument.  For the reasons set forth below, the Court GRANTS Defendant's motion to set aside the Clerk's entry of default and DENIES Defendant's motions to dismiss.

**I.**      **Background**

       On October 13, 2020, Plaintiffs, the parents of G.D., initiated a miscellaneous action against Defendant, Utica Community Schools, and filed "Plaintiffs' Motion for Attorney's Fees and Costs."  (ECF No. 1.)  Plaintiffs assert they are prevailing party in

1

an administrative action under the Individuals with Disabilities Education Act ("IDEA")

and seek an order of $134,420.00 in attorney's fees and costs.[1]  (*Id.*)  On October 22,

2020, the Court entered an order transferring the motion from the miscellaneous

docket to the civil docket and ordering Plaintiffs to pay the full civil filing fee within ten

days of that order.  (ECF No. 2.)  In a subsequent order, the Court clarified that this

case will proceed as an ordinary civil action and that Plaintiffs must both pay the full

filing fee and effectuate service on Defendant.  (ECF No. 5.)  The Court further noted

that the ordinary time limits set forth in the Federal Rules of Civil Procedure and the

Local Rules for the Eastern District of Michigan will apply.

Plaintiffs later paid the full filing fee.  And on January 12, 2021, Plaintiffs

requested the issuance of summons.  On February 16, 2021, Plaintiffs filed proof of

service indicating that Defendant had been served on January 21, 2021.  (ECF No. 7.)

And the next day, on February 17, 2021, upon Plaintiffs' request, a Clerk's entry of

default was entered against Defendant.  (ECF No. 11.)  That same day, Defendant

moved to dismiss Plaintiffs' motion for attorney's fees and costs.  (ECF No. 12.)

Defendant argues that because Plaintiffs filed a motion, rather than a complaint, both

subject matter and personal jurisdiction is lacking, service of process was insufficient,

and this case should be dismissed for failure to state a claim upon which relief can be

---

[1]Defendant later filed its own action stemming from the same underlying administrative action.  (*See* Case No. 20-13255, ECF No. 1.)  Defendant appeals the administrative law judge's decision and also seeks its own award of attorney's fees and costs.  That case was originally assigned to the Honorable Paul D. Borman but reassigned to the Honorable Nancy G. Edmunds as a companion case to the present matter.  (*Id.*, ECF No. 3.)

granted.  Defendant also notes it was served after the 90-day time period during which service should be accomplished.  Defendant also moves to set aside the Clerk's entry of default.  (ECF No. 14.)

In response to Defendant's motion to dismiss, Plaintiffs filed an "amended complaint" on March 10, 2021.  (ECF No. 17.)  Plaintiffs assert that this amended complaint renders Defendant's motion to dismiss moot.  (ECF No. 18.)  Plaintiffs further argue that the motion they had initially filed is the "functional equivalent" of a complaint and Defendant's motion should therefore be denied.  (*Id.*)  Plaintiffs do not oppose Defendant's motion to set aside the Clerk's entry of default.  (ECF No. 19.)

Defendant filed replies in support of both of its motions.  (ECF Nos. 20, 21.)  Defendant also moved to dismiss Plaintiffs' amended complaint, arguing that Plaintiffs cannot amend a complaint they never filed.  (ECF No. 22.)  Defendant further argues that the statute of limitations had expired by the time Plaintiffs filed their amended complaint.[2]  (*Id.*)  Plaintiffs oppose Defendant's motion to dismiss the amended complaint.  (ECF No. 25.)

## II.    Defendant's Motion to Set Aside Clerk's Entry of Default

Defendant acknowledges that it did not file a timely answer but asks the Court to set aside the Clerk's entry of default in this case.  Plaintiffs do not oppose this request.

---

[2]Defendant also moved for an extension of time to file an answer to the amended complaint.  (ECF No. 24.)  The Court granted that motion in a text-only order, allowing Defendant to file its answer to the amended complaint within fourteen days of the Court's ruling on Defendant's motion to dismiss.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  In making the determination of good cause under Rule 55(c), a court must consider three factors: "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default."  *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks and citations omitted).  Federal courts strongly favor trials on the merits.  *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

Here, all of the relevant factors weigh in favor of setting aside the Clerk's entry of default.  First, there is no evidence of any prejudice to Plaintiff due to the short delay.  Nor does the default appear to be a result of culpable conduct on the part of Defendant.  *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (noting that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings").  And Defendant has articulated several defenses which, if proven, would constitute a complete defense.  *See INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987).  In sum, the Court finds good cause to set aside the Clerk's entry of default entered against Defendant.

## III.    Defendant's Motion to Dismiss

Defendant avers that this case should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.  All of Defendant's arguments stem in

4

large part from the same premise—that Plaintiffs improperly filed a "motion," rather than a complaint.  Defendant argues that Plaintiffs' motion cannot be construed as a complaint because it does not contain a Rule 7(a) designation, is identified as a "motion," and the claims are not listed in numbered paragraphs or limited to a single set of circumstances as required by Federal Rule of Civil Procedure 10(b).  Plaintiffs now concede that they incorrectly filed a miscellaneous action, rather than a civil complaint.  However, Plaintiffs argue that their motion was the "functional equivalent" of a complaint.

Defendant cites to Federal Rule of Civil Procedure 3 for the unremarkable proposition that a civil action is commenced by filing a complaint with the Court. Defendant then relies on caselaw to argue that "[b]efore a complaint is filed, no action has commenced, and the court lacks subject matter jurisdiction to grant relief."  *See* ECF No. 12, PgID 84 (quoting *Clarke v. Brewer*, No. 18-11880, 2018 U.S. Dist. LEXIS 134256, at *2 (E.D. Mich. Aug. 9, 2018) (internal quotation marks and citation omitted)).  However, in the cases Defendant cites to, the court noted it did not have jurisdiction to grant the plaintiff's motion because there was no underlying claim for relief.  *See Clarke*, 2018 U.S. Dist. LEXIS 134256, at *2-3 (no jurisdiction to grant motion for the appointment of counsel where there was no colorable claim under 42 U.S.C. § 1983); *Moss v. Bomber*, No. 1:16-CV-870, 2018 U.S. Dist. LEXIS 4, at *6-7 (W.D. Mich. Jan. 10, 2018) (no jurisdiction to grant motion for declaratory relief because the Declaratory Judgment Act "is not an independent source of federal jurisdiction" and the plaintiff abandoned his only potentially viable claims under § 1983); *Gardner v. McQueen*, No. 2:16-cv-13790, 2017 U.S. Dist. LEXIS 5085, at *2-5

5

(E.D. Mich. Jan. 13, 2017) (no jurisdiction to grant motion for preliminary injunctive relief where plaintiff sought to bring a civil rights action under the habeas corpus statute).  By contrast, here, Plaintiffs bring a motion for attorney's fees under the IDEA, which "authorize[s] court suits for the recovery of legal fees incurred by parents who prevailed at the administrative level."  *See King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 625 (6th Cir. 2000) (citing *Eggers v. Bullitt Cnty. Sch. Dist.*, 854 F.2d 892, 898 (6th Cir. 1998)).  Because Plaintiffs have set forth a claim for relief over which the Court has jurisdiction, the irregularities surrounding the initiation of this action are not jurisdictional.

Although Plaintiffs' original filing was entitled as a "motion," it contained the essential elements of a pleading as set forth in Federal Rule of Civil Procedure 8(a).  Thus, the Court finds Plaintiffs' argument that their motion was the "functional equivalent" of a complaint persuasive.  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *cf. Beem v. Ferguson*, 713 F. App'x 974, 980 (11th Cir. 2018) (treating motion as "functional equivalent" of complaint because it satisfied Rule 8 pleading requirements).  Moreover, the Court may "excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party."  *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).  Here, the relief sought by Plaintiffs in their motion along with the supporting allegations were clear, and the technical defects did not prejudice Defendant.  Thus, it was well within the Court's discretion to excuse those defects and transfer the motion to the civil docket. *See Gardner*, 2017 U.S. Dist. LEXIS 5085, at *4 (noting that "federal district courts possess authority to dismiss an action when a plaintiff fails to

6

comply with the Federal Rules of Civil Procedure" but are "given substantial discretion" in doing so) (internal quotation marks and citation omitted).  In sum, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Defendant next argues that this case should be dismissed for lack of personal jurisdiction and insufficient service of process due to defective service.  Defendant argues that service was defective for two reasons: 1) Plaintiffs included a copy of their "motion," rather than a complaint, with the summons, and 2) Defendant was not served within 90 days of the filing of the motion.

The Court finds Defendant's first argument unavailing based on its conclusion, discussed above, that Plaintiffs' motion, under the facts and circumstances of this case, was the functional equivalent of a complaint.  Furthermore, at the time of service, the Court had already transferred the motion to the civil docket and indicated that this case would proceed as an ordinary civil action.  Plaintiffs, however, did not request a summons until the end of the 90-day period during which service should have been accomplished and did not serve Defendant until nine days later.  Under Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiffs argue that there was good cause for the failure to timely effect service because of their attempts at obtaining a waiver of service from Defendant.  As

7

a general matter, however, "inadvertence and miscommunication . . . are not enough to establish good cause." *See Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001). But "'courts have been accorded discretion to enlarge the [90-day] period even if there is no good cause shown.'" *Id.* at 325 (quoting *Henderson v. United States*, 517 U.S. 654, 662 (1996)). In determining whether to exercise this discretion, the Court considers whether: (1) a significant extension of time was required; (2) an extension would prejudice the defendant in some way other than the inherent prejudice in having to defend the suit; (3) the defendant had actual notice of the suit; (4) a dismissal without prejudice would substantially prejudice the plaintiff, i.e., refiling of the lawsuit would be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process. *Id.* at 326.

Here, the first four factors weigh in favor of Plaintiffs. The extension needed is a mere nine days and Plaintiffs have already served Defendant. And the Court does not find any prejudice beyond the inherent prejudice in having to defend the suit. And, in fact, Defendant has placed the merits of the same issues raised by this lawsuit before the Court by filing a separate lawsuit appealing the same underlying administrative action. (*See* Case No. 20-13255.) Moreover, as evidenced by its motion for clarification and the correspondence between the parties regarding the possibility of a waiver of service, Defendant had actual notice of the suit. And a dismissal without prejudice may substantially prejudice Plaintiffs because according to Defendant, an attempt to refile this lawsuit would be time-barred. (*See* ECF No. 22, PgID 206.) Only the fifth factor weighs in favor of Defendant. On balance, the Court finds that the relevant factors weigh in favor of an exercise of discretion to grant a brief

8

extension of the time for service.  Accordingly, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for insufficient service of process under Rule 12(b)(5).

## IV.    Defendant's Motion to Dismiss the Amended Complaint

Defendant moves to dismiss the amended complaint in large part based on the same argument regarding the irregularities surrounding the initiation of this action the Court has considered and rejected above.  Because the Court has determined that Plaintiffs' motion was the functional equivalent of a complaint, the amended complaint was filed in accordance with Federal Rule of Civil Procedure 15.  And to the extent Defendant raises the issue of timeliness, this case was commenced on the date the motion was filed—October 13, 2020.  Thus, it was filed before the relevant statute of limitations expired.[3]  Accordingly, Defendant's motion to dismiss the amended complaint is denied.

## V.    Conclusion

For the foregoing reasons, Defendant's motion to set aside the Clerk's entry of default [14] is GRANTED and Defendant's motions to dismiss [12][22] are DENIED. This case will proceed to an adjudication on the merits.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 9, 2021

---

[3] The underlying administrative decision was issued on September 11, 2020. And the parties agree that the appropriate limitations period is 90 days.

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager