UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.D. & R.D. obo G.D.,          Civil Action No.: 20-12864
                                                 Honorable Nancy G. Edmunds
                     Plaintiffs     Magistrate Judge Elizabeth A. Stafford

v.

UTICA COMMUNITY
SCHOOLS,

                     Defendant.

_____/

UTICA COMMUNITY
SCHOOLS,

                     Plaintiff,

v.

R.D., G.D., G.D., a minor child,
and JASON DANIEL WINE,

                     Defendants.

_____/

**OPINION AND ORDER ABOUT DISCOVERY MOTIONS**
**(ECF NOS. 38, 46, 47, 48, 54)**

    I.    **Introduction and Background**

    In these consolidated cases, parents of a student with a disability sue

Utica Community Schools (UCS) to recover attorney's fees after decisions

made by an administrative law judge (ALJ) in May and September 2020. ECF No. 1.  The decisions followed due process hearings under the Individuals with Disabilities Education Act (IDEA).  ECF No. 1.  After the parents filed suit, UCS filed its own complaint asking that the ALJ's decision be reversed in part, and that the parents and their attorney, Jason Daniel Wine, pay UCS's attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(II) and (III).  Case No. 20-13255, ECF No. 1.  Section 1415(i)(3)(B)(II) allows a prevailing educational agency to recovery attorney's fees "against the attorney of a parent" who either "files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation" or "continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation."  Section 1415(i)(3)(B)(III) permits a prevailing educational agency to recover attorney's fees "against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

Several discovery motions were referred to this Court for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 38; ECF No. 39; ECF No. 46; ECF No. 47; ECF No. 48; ECF No. 49; ECF No. 54; ECF No.

55.  The Court held a hearing on October 6, 2021,[1] during which Wine withdrew his objections to UCS deposing him, Yvonne Dixon, Gregory Dixon, or Reba Dixon.

The remaining issue for consideration was about UCS's subpoena under Federal Rule of Civil Procedure 45 for the student's grandmother, Yvonne, to produce a "copy of any and all documents, personal notes, emails, correspondence and/or other writings related to G.D. between yourself and/or Gregory Dixon Jr. and/or Reba Dixon and/or Jason Daniel Wine with regard to Due Process Hearing Docket Nos. 20-004342 and 20-006723 from January 24, 2020, to the present."  ECF No. 38, PageID.303; ECF No. 54, PageID.525.

## II. Analysis

### *Attorney-Client Privilege*

Federal Rule of Civil Procedure Rule 45(d)(3)(iii) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Although Yvonne is not a named party to this action or to the due process hearings, she paid

---

[1] The Court had not added UCS's motion to compel to its notice of hearing, as that motion was filed two days before the hearing.  ECF No. 54.  But UCS agreed during the hearing to have the resolution of the motion included in this order.

Wine attorney's fees for his representation of the student.  ECF No. 38, PageID.308.  Wine's motion to quash says that he consulted freely with her about legal strategy in the case and that they exchanged hundreds of emails that he believed were privileged.  *Id.*  UCS asserts that Wine lacks standing to move to quash a subpoena served on Yvonne, but a party who can show a personal interest or a claim of privilege has standing to object to a subpoena served on a third party.  *Trier v. Genesee Cty.*, No. 2:17-CV-10236, 2017 WL 5897057, at *2 (E.D. Mich. Aug. 2, 2017).

The attorney-client privilege exists to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981).  It applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Goldfarb,* 328 F.2d 280, 281 (6th Cir. 1964) (quoting 8 J. Wigmore, *Evidence in Trials at Common Law* § 2292, at 554 (McNaughton rev. 1961)).  Wine need not have represented Yvonne in a court proceeding for them to have formed an attorney-client relationship.

*Hamrick v. Union Twp., Ohio*, 79 F. Supp. 2d 871, 875 (S.D. Ohio 1999)

(attorney-client relationship includes "any action on a client's behalf that is connected with the law."). "The test of whether an attorney-client relationship was created is essentially whether the putative client reasonably believed that the relationship existed and that the attorney would therefore advance the interests of the putative client." *F.D.I.C. ex rel. AmTrust Bank v. Commonwealth Land Title Ins. Co.*, No. 1:08CV2390, 2012 WL 3912764, at *5 (N.D. Ohio Sept. 7, 2012) (citation and internal quotation marks omitted).

UCS asserts that Yvonne's participation in communications between Wine and the student's parents destroyed the attorney-client privilege for those communications. "As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties." *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D. 478, 480 (E.D. Mich. 2009). But the attorney-client privilege extends to counsel's communications with agents and experts. *Genesco, Inc. v. Visa U.S.A., Inc.*, 302 F.R.D. 168, 190 (M.D. Tenn. 2014). A middle school principal, Yvonne testified extensively on the student's behalf during the due process hearing. Case No. 20-13255, ECF No. 1-1, PageID.41-46. She testified both as a factual witness and as an expert on whether UCS's decisions, processes, and

placement of the student in a classroom for students with severe behavioral issues complied with the IDEA.  *Id.*  Whether Yvonne was a client, agent, or expert on the student's behalf, she was a member of the student's litigation team, and her participation in communication with Wine and the student's parents did not destroy the attorney-client privilege.

*Scope of Discovery*

On top of UCS requesting documents protected by the attorney-client privilege, it fails to show that its "any and all" document request was proper.  The scope of discovery under Rule 45 is the same as under Federal Rule of Civil Procedure 26(b)(1).  *McGirr v. Rehme*, No. 16-464, 2018 WL 3708357, at *6 (S.D. Ohio Aug. 3, 2018).  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

UCS broadly argues that the requested materials "bear on issues" about its claim that the student's parents and Wine "acted in bad faith"

6

related to the due process hearing and that its request is "reasonably calculated" to provide information about the credibility of witnesses. ECF No. 54, PageID.528. But UCS does not articulate its burden for showing that it is entitled to relief under § 1415(i)(3)(B)(II) or (III) or how the requested documents relate to that burden. Nor does it explain how its request for communications "to the present" would bear on alleged bad faith related to the due process hearing. ECF No. 54, PageID.525. And UCS's "reasonably calculated" argument relies on a scope of discovery that has been obsolete for almost six years. *See Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *2 (E.D. Mich. June 9, 2021) (describing the scope of discovery after the December 2015 amendment to Rule 26(b)). Rule 26(b)(1) now requires the Court to assess whether a discovery request is proportional to the needs of the case, and UCS made no effort to address the proportionality of the subpoena it served on Yvonne.

Courts have also long condemned omnibus "any and all" document requests like that in the subpoena UCS served on Yvonne. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich.

7

Aug. 21, 2020) (finding that the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)); *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017) ("any and all" document requests relating to a subject matter are overbroad and unduly burdensome).

An omnibus discovery request directed at a third-party through a Rule 45 subpoena is of heightened concern.  Rule 45 requires a party serving a subpoena on a nonparty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(d)(1).  Courts are required to enforce that duty and must quash or modify a subpoena that would subject the nonparty to an undue burden.  Rule 45(d)(1) & (d)(3)(iv).

### III.   Conclusion

For all these reasons, the Court **GRANTS** the motion to quash UCS's subpoena for Yvonne to produce documents and **DENIES** UCS's motion to compel those documents.  ECF No. 38; ECF No. 54.  This order does not preclude USC from serving Yvonne with a more discrete subpoena that is not inconsistent with the conclusions here.

Dated: October 7, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

8

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2021.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager