UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.D. & R.D. obo G.D.,

    Plaintiffs,

v.                                                  Case No. 20-12864

UTICA COMMUNITY
SCHOOLS,                            Honorable Nancy G. Edmunds

    Defendant.
_____/

UTICA COMMUNITY
SCHOOLS,

    Plaintiff,

v.

R.D, G.D., G.D., a minor child,
and JASON DANIEL WINE,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISQUALIFY COUNSEL [42]**

The matter is before the Court on Utica Community Schools' motion to disqualify counsel. (ECF Nos. 42, 59.) The parents of G.D. and Jason Daniel Wine ("Defendants") oppose the motion. (ECF No. 56.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons below, the Court DENIES the motion to disqualify.

**I.    Background**

On October 13, 2020, the parents of G.D., through their counsel, Jason Daniel Wine, initiated this case against Utica Community Schools ("the school district"), asserting

1

they are the prevailing party in an administrative action under the Individuals with Disabilities Education Act ("IDEA") and seeking an order in the amount of $134,420.00 in attorneys' fees and costs.  (ECF No. 1.)  Mr. Wine had represented the parents of G.D. during the underlying due process hearings.  The school district later filed its own complaint stemming from the same administrative action.  (Case No. 20-13255.)  The school district appeals the administrative law judge's decision and also asserts it is the prevailing party and seeks its own award of attorneys' fees and costs from both the parents of G.D. as well as Mr. Wine himself.[1]  The two cases have been consolidated under the above-captioned case number.  (ECF No. 43.)  The Court has bifurcated the briefing schedule.  (ECF No. 57.)  The parties have briefed the appeal of the ALJ's decision and once the Court rules upon the propriety of that decision, the parties may brief the issue of the attorneys' fees and costs.  Ms. Lisa Kirsch Satawa has filed an appearance on behalf of Mr. Wine but all filings on behalf of Defendants have been made by Mr. Wine himself.  Presently before the Court is the school district's motion to disqualify Mr. Wine from representing the parents of G.D. in this matter.  (ECF No. 42.)

---

[1] The IDEA permits the discretionary award of reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability," 20 U.S.C. § 1415(i)(3)(B)(i)(I), "to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation," § 1415(i)(3)(B)(i)(II), or "to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint  or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needleslly increase the cost of litigation," § 1415(i)(3)(B)(i)(III).

2

## II. Legal Standard

"A motion to disqualify counsel is the proper method for a party to bring to the court's attention an alleged conflict of interest or breach of ethical duty by opposing counsel." *Glenn v. Nasscond, Inc.*, No. 15-10270, 2016 U.S. Dist. LEXIS 13068, at *4 (E.D. Mich. Feb. 3, 2016). However, "[m]otions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Official Unsecured Creditors Comm. of Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp. (In re Valley-Vulcan Mold Co.)*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999), *aff'd*, 5 F. App'x 396 (6th Cir. 2001) (internal quotation marks and citation omitted). When determining whether to disqualify counsel, "[t]he Court must balance the interest of the Court and the public in upholding the integrity of the legal profession against the right of a party to retain counsel of its choice." *Glenn*, 2016 U.S. Dist. LEXIS 13068, at *5. The party seeking disqualification bears a heavy burden of proving that opposing counsel should be disqualified. *In re Valley-Vulcan Mold Co.*, 237 B.R. at 337. A state's ethics rules are the appropriate standards against which to measure the propriety of an attorney's conduct for the purpose of deciding whether to disqualify counsel in a particular case. *Glenn*, 2016 U.S. Dist. LEXIS 13068, at *5.

## III. Analysis

The school district argues there is a conflict of interest here between G.D.'s parents and Mr. Wine due to the retainer signed by the parents.[2] The school district further asserts that Mr. Wine is a necessary witness in this matter. Defendants argue that the

---

[2] The school district states that it appears that the parents were not required to pay Mr. Wine the $5,000.00 retainer fee but that Mr. Wine did receive a payment of $20,000.00 from G.D.'s grandmother.

3

contract between G.D.'s parents and Mr. Wine is a permissible contingent fee agreement, any conflict of interest can be waived, and disqualifying counsel would create substantial hardship. Defendants further argue that this motion is premature because the Court has not yet determined who the prevailing party in the underlying administrative action is.

### A. Conflict of Interest

The school district first argues there is a conflict of interest due to what it refers to as an anti-settlement provision in the agreement entered into between Mr. Wine and G.D.'s parents during the underlying administrative action, which reads as follows:

> The Client understands that if the Client prevails in this matter, there may be a right to recover attorney fees from the district. Unless the Client has fully paid the Firm for services rendered and expenses incurred, the Client assigns to the Firm this recovery fee claim. The Client agrees to cooperate fully in any and all efforts to recover attorney fees and costs from the District, including but not limited to, post-hearing actions in federal or state court, and execution of documents and releases for the attorney fees and costs. The Client understands that failure to cooperate fully in any and all efforts to collect attorney fees and costs from the District will result in the Client being liable for the attorney fees and costs.

The school district also avers that Mr. Wine has acquired an inappropriate proprietary interest in this litigation as a result of the provision.

The Court first notes that the school district does not cite any authority that suggests that the parents may not assign their interest in an award of attorneys' fees under the IDEA to their attorney. And the Court does not agree that any potential conflict of interest cannot be waived. Thus, the Court finds that the agreement entered into between the parents of G.D. and Mr. Wine is a not a reason to disqualify Mr. Wine.

### B. Necessary Witness

The school district argues that disqualification is also warranted because Mr. Wine will be called to testify regarding material and contested issues, such as whether he

4

continued to litigate after the underlying administrative action became frivolous, unreasonable, or without foundation. *See* § 1415(i)(3)(B)(i)(II).

Michigan Rule of Professional Conduct 3.7 provides that:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Factors the Court considers in determining whether the lawyer should be disqualified under this rule include: (1) whether the lawyer ought to be called as a witness; (2) if called by the opposing party, whether the lawyer's testimony is likely to be prejudicial to the client because it is sufficiently adverse to the client's factual assertions or account of events; and (3) whether disqualification of the lawyer will work a substantial hardship on the parties. *Kubiak v. Hurr*, 372 N.W.2d 341, 344-45 (Mich. Ct. App. 1985) (interpreting Michigan's Disciplinary Rule 5-102, a precursor to Michigan Rule of Professional Conduct 3.7) (citations omitted). The party seeking disqualification has the burden of "demonstrating specifically how and as to what issues in the case the likelihood of prejudice will result." *Id.*

Here, any testimony that would be provided by Mr. Wine relates to the second stage of this case (the issue of attorneys' fees) and not the first stage of the case (judicial review of the ALJ's decision). Thus, the Court denies the school district's motion to disqualify counsel on this basis at this time. Because it may become necessary for Mr.

5

Wine to serve as a witness during the second stage of the case, the denial will be without prejudice to raising this issue then if the need to do so arises.[3]

IV.   **Conclusion**

For the foregoing reasons, the school district's motion to disqualify Mr. Wine is DENIED without prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 27, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[3] The Court notes that disqualification may work a substantial hardship on the parties because Mr. Wine has been involved in this case from the start.