UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.D. & R.D. obo G.D.,

    Plaintiffs,

v.                                        Case No. 20-12864

UTICA COMMUNITY
SCHOOLS,                         Honorable Nancy G. Edmunds

    Defendant.
_____/

UTICA COMMUNITY
SCHOOLS,

    Plaintiff,

v.

R.D, G.D., G.D., a minor child,
and JASON DANIEL WINE,

    Defendants.
_____/

**ORDER OVERRULING UTICA COMMUNITY SCHOOLS' OBJECTIONS [61]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER [58]**

The matter is before the Court on Utica Community Schools' objections to an order issued by Magistrate Judge Elizabeth A. Stafford resolving certain discovery disputes in this case. (ECF No. 61.) Being fully advised in the premises, having read the pleadings, and for the reasons below, the Court OVERRULES the objections and AFFIRMS the Magistrate Judge's order.

**I.    Background**

On October 13, 2020, the parents of G.D., through their counsel, Jason Daniel Wine, initiated this case against Utica Community Schools ("the school district"), asserting

1

they are the prevailing party in an administrative action under the Individuals with Disabilities Education Act ("IDEA") and seeking an order in the amount of $134,420.00 in attorney's fees and costs. (ECF No. 1.) The school district later filed its own complaint stemming from the same underlying administrative action against the parents of G.D. as well as Mr. Wine himself. (Case No. 20-13255.) The school district appeals the administrative law judge's decision and also seeks its own award of attorney's fees and costs. The two cases have been consolidated under the above-captioned case number. (ECF No. 43.)

During the course of discovery, the school district issued a subpoena under Federal Rule of Civil Procedure 45 to G.D.'s grandmother, Yvonne, to produce a "copy of any and all documents, personal notes, emails, correspondence and/or other writings related to G.D. between [her]self and/or [G.D.'s parents] and/or Jason Daniel Wine with regard to [the underlying due process hearings] from January 24, 2020 to the present." The parents of G.D. and Mr. Wine moved to quash the subpoena. (ECF No. 38.) The school district opposed the motion, (ECF Nos. 41, 50), and also filed a motion to compel the production of those same documents, (ECF No. 54). The Magistrate Judge granted the motion to quash and denied the motion to compel. (ECF No. 58.) The Magistrate Judge noted that her order did not preclude the school district from serving Yvonne with a more discrete subpoena not inconsistent with the conclusions in the order. The school district filed two objections to that order. (ECF No. 61.)

## II. Standard of Review

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial

order found to be "clearly erroneous or contrary to law." The clearly erroneous standard applies only to the magistrate judge's factual findings. *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotations and citations omitted). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous. *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The magistrate judge's legal conclusions are reviewed under the contrary to law standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotations and citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted). The Court must use independent judgment when reviewing a magistrate judge's legal conclusions. *Id.* When a discovery order centers on a magistrate judge's determination of relevance, district courts have used the abuse of discretion standard, finding this standard appropriate in light of the broad discretion a court has over discovery matters. *See Moore v. Westgage Resorts, L.P.*, No. 3:18-CV-00410-DCLC, 2020 U.S. Dist. LEXIS 224283, at *3-4 (E.D. Tenn. Nov. 20, 2020) (citing *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484-85 (N.D. Cal. 2014)).

### III.   Analysis

The Magistrate Judge granted the motion to quash the subpoena after finding that 1) Yvonne's participation in communications between Mr. Wine and G.D.'s parents did

not destroy the attorney-client privilege for those communications and 2) compliance with the subpoena would place an undue burden on Yvonne.  The school district now objects to both these findings.

With regard to the attorney-client privilege, the Magistrate Judge found that regardless of "[w]hether Yvonne was a client, agent, or expert on the student's behalf, she was a member of the student's litigation team, and her participation in communication with Wine and the student's parents did not destroy the attorney-client privilege."  (ECF No. 58, PageID.551.)  While G.D.'s parents and Mr. Wine had not specifically argued in their motion to quash that Yvonne was an agent or expert, they had asserted she paid $20,000.00 towards Mr. Wine's fees and that he had consulted freely with her about the legal strategy in this case.[1]  (See ECF No. 38, PageID.308.)  Thus, the Magistrate Judge's finding that Yvonne's presence did not destroy the attorney-client privilege was not erroneous.  The Court therefore overrules the school district's first objection.

Some of the communications requested by the school district are admittedly not privileged, but the Magistrate Judge's second finding regarding undue burden supports her ultimate decision to quash the subpoena in its entirety.  The school district argues, however, that the Magistrate Judge improperly placed on it the burden of proving proportionality.  But as the party seeking to compel discovery, the school district bears the initial burden of proving relevance.  *See Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2017 U.S. Dist. LEXIS 5936, at *12 (E.D. Mich. Jan. 17, 2017).  And since the

---

[1] As found by the administrative law judge, Yvonne, who is G.D.'s grandmother and a middle school principal, is very involved in G.D.'s education and advocates on his behalf by speaking with his teachers, principal, support staff, and therapists.  (Case No. 20-13255, ECF No. 1-1, PageID.41.)

2015 amendment to Federal Rule of Civil Procedure 26(b)(1), "the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (quoting Rule 26 advisory committee's notes (2015)).  Here, the Magistrate Judge questioned the relevance of at least some of the communications sought before going on to conclude that the subpoena directing Yvonne, a non-party, to produce "any and all" communications during the requested time period would place an undue burden on her.  (*See* ECF No. 58, PageID.551-52.)  Finding no error in this reasoning, the Court overrules the school district's second objection.

## IV.  Conclusion

For the foregoing reasons, Utica Community Schools' objections are OVERRULED, and the Magistrate Judge's order is AFFIRMED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: July 27, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager